TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JULIA HU (Cal. Bar No. 338226)
Assistant United States Attorney
General Crimes Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3802
     Facsimile: (213) 894-6269
     E-mail:    julia.hu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-294-GW-1 |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ERIC CATALAN |
| v. | |
| ERIC ANTHONY CATALAN, | |
| Defendant. | |

1.   This constitutes the plea agreement between ERIC CATALAN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the first superseding indictment in United States v. Catalan, No. CR 21-



3/2/2022

294-GW-1, which charges defendant with conspiracy to distribute and to possess with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the first superseding indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the

applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

　　　d.　At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

　　　e.　Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, subject to any applicable mandatory minimum, provided that the offense level used by the Court to determine that range is 27 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSE</u>

4.　Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii), the following must be true: (1) there was an agreement between two or more persons to distribute and possess with intent to distribute methamphetamine; and (2) defendant joined in the agreement knowing of its purposes and intending to help accomplish those purposes.

5.　The elements of the crime of distribution of methamphetamine, which is one object of the conspiracy charged in Count One, are as follows: (1) a person knowingly distributed

3

methamphetamine; and (2) the person knew the distributed substance was methamphetamine, or some other federally controlled substance. "Distributing" means delivering or transferring possession of methamphetamine to another person, with or without any financial interest in that transaction.

6.   The elements of the crime of possession with intent to distribute methamphetamine, which is another object of the conspiracy charged in Count One are as follows: (1) a person knowingly possessed methamphetamine; (2) the person possessed it with the intent to distribute it to another person.

7.   Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that the conspiracy in which defendant participated involved at least 50 grams of actual methamphetamine.  Defendant admits that he knowingly and intentionally participated in a conspiracy to distribute and possess with intent to distribute at least 50 grams of actual methamphetamine.

8.   Defendant further understands that the law may require the government to prove beyond a reasonable doubt that the type and quantity of the charged controlled substance fell within the scope of defendant's agreement and were reasonably foreseeable to defendant. Defendant admits that the distribution and possession with intent to distribute at least 50 grams of actual methamphetamine fell within the scope of defendant's agreement and were reasonably foreseeable to him.

## PENALTIES

9.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. § 846, as charged in Count One pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) is: lifetime imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.   Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f), the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. § 846, as charged in Count One pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) is: 10 years' imprisonment, followed by a 5-year period of supervised release, and a mandatory special assessment of $100.

11.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

12.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or

ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

13.  Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

14.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty

regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

15.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 17 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on at least on or about January 4, 2021, and continuing to at least on or about February 10, 2021, in Santa Barbara County, within the Central District of California, there was an agreement between defendant and the codefendant named in Count One ("codefendant") to knowingly distribute, and knowingly possess with intent to distribute, at least 50 grams of actual methamphetamine. When he joined in the agreement, defendant knew that the agreement had the unlawful purpose of distributing and possessing with intent to distribute methamphetamine, and defendant joined in the agreement with the intent to further this unlawful purpose.

The objects of the conspiracy were to be accomplished, as follows: (1) defendant would arrange to sell methamphetamine to drug customers; and (2) defendant and codefendant would deliver methamphetamine to customers in exchange for payment.

In furtherance of the conspiracy, and intending to help accomplish its objects, defendant and codefendant engaged in the following acts:

On or about January 13, 2021, defendant sold approximately 80 grams of actual methamphetamine to a person he believed to be a drug customer, but who was in fact, a confidential informant working with the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "CI"). Nine days prior, on January 4, 2021, defendant had arranged the sale with the CI through a phone call, in which defendant used coded language to try to conceal the illegal nature of the drug sale.

On or about February 9, 2021, again on a phone call with the CI, and again using coded language, defendant arranged to sell the CI methamphetamine the next day. On or about February 10, 2021, through a series of phone calls and text messages, defendant told the CI that the drug sale would take place at defendant's drug supplier's address in Santa Barbara, California (the "East Gutierrez Street Address") and that his supplier would be present. That same day, defendant met the CI at the East Gutierrez Street Address and climbed into the CI's car, where codefendant joined them, and they all went to a second location a few blocks away, where codefendant, in defendant's presence, sold the CI approximately 408 grams of actual methamphetamine in exchange for $3,200 in cash.

Later that day, defendant text messaged the CI with codefendant's phone number, so that the CI could arrange future drug sales directly with codefendant.

Based on these facts, defendant admits and agrees that he knowingly and intentionally participated in the charged conspiracy and that the charged conspiracy involved at least 488 grams of actual methamphetamine attributable to defendant as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him.  At all relevant times, defendant knew that the controlled substance he was distributing, possessing with intent to distribute, and conspiring to distribute and possess with intent to distribute was methamphetamine.

Additionally, on or about June 7, 2021, at a parking lot in Lompoc, California, in Santa Barbara County, within the Central District of California, defendant knowingly possessed approximately 32.9 grams of actual methamphetamine with the intent to distribute it to another person.  Namely, defendant had agreed to sell the methamphetamine to the CI.

SENTENCING FACTORS

16.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum, if applicable, and the maximum set by statute for the crime of conviction.

17.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:    At least 32      U.S.S.G. §§ 2D1.1(a)(5), (c)(4)
The government reserves the right to argue that defendant's crime of conviction and relevant conduct involved between 500 grams and 1.5 kilograms of actual methamphetamine, warranting the application of a base offense level of 34 under U.S.S.G. §§ 2D1.1(a)(5), (c)(3). Defendant reserves the right to argue that his crime of conviction and relevant conduct involved between 150 and 500 grams of actual methamphetamine, warranting the application of a base offense level of 32 under U.S.S.G. §§ 2D1.1(a)(5), (c)(4). Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

18.   Defendant and the USAO agree that:

a.   Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense charged in Count One;

b.   The offense charged in Count One did not result in death or serious bodily injury to any person; and

c.   Defendant was not an organizer, leader, manager, or supervisor of others in the offense charged in Count One and was not engaged in a continuing criminal enterprise.

19.   Because the safety valve criteria in U.S.S.G. § 5C1.2(a)(1) has not been updated to match the language of 18 U.S.C. § 3553(f)(1), if the Court determines that defendant's case satisfies the criteria in 18 U.S.C. § 3553(f), but does not satisfy the criteria for a two-level reduction under U.S.S.G. § 2D1.1(b)(18) (referencing the criteria set forth in U.S.S.G. § 5C1.2(a)(1)), the government will recommend a two-level downward variance to defendant's Sentencing Guidelines range based on the factors set forth in 18 U.S.C. § 3553(a).  By making any such recommendation, the government does not waive any objection to the Court's determination that the criteria in 18 U.S.C. § 3553(f) have been satisfied.  If the government makes a two-level variance recommendation as described herein, defendant agrees not to seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in the event the United States Sentencing Commission amends U.S.S.G. § 5C1.2(a)(1) to match the language of 18 U.S.C. § 3553(f)(1).

20.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

21.   Defendant reserves the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

22.   Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.   The right to persist in a plea of not guilty.

        b.   The right to a speedy and public trial by jury.

11

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

23.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that

the statement of facts provided herein is insufficient to support
defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

24.    Defendant agrees that, provided the Court imposes a term of
imprisonment within or below the range corresponding to an offense
level of 31 and the criminal history category calculated by the
Court, subject to any applicable mandatory minimum, defendant gives
up the right to appeal all of the following: (a) the procedures and
calculations used to determine and impose any portion of the
sentence; (b) the term of imprisonment imposed by the Court; (c) the
fine imposed by the Court, provided it is within the statutory
maximum; (d) to the extent permitted by law, the constitutionality or
legality of defendant's sentence, provided it is within the statutory
maximum; (e) the term of probation or supervised release imposed by
the Court, provided it is within the statutory maximum; and (f) any
of the following conditions of probation or supervised release
imposed by the Court: the conditions set forth in Second Amended
General Order 20-04 of this Court; the drug testing conditions
mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and
drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

25.    The USAO agrees that, provided (a) all portions of the
sentence are at or above any applicable statutory minimum, and
(b) the Court imposes a term of imprisonment within or above the
range corresponding to an offense level of 27 and the criminal
history category calculated by the Court, the USAO gives up its right
to appeal any portion of the sentence.

///

///

13

## WAIVER OF COLLATERAL ATTACK

26.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

27.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

28.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

29.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

30.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

31.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred before the breach); (ii) the agreed-to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

32.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

33.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

16

to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 17 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

34.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum, if applicable, and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

35.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO

1  and defendant or defendant's attorney, and that no additional

2  promise, understanding, or agreement may be entered into unless in a

3  writing signed by all parties or on the record in court.

4  <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

5      36.   The parties agree that this agreement will be considered

6  part of the record of defendant's guilty plea hearing as if the

7  entire agreement had been read into the record of the proceeding.

8  AGREED AND ACCEPTED

9  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
10 CALIFORNIA

11 TRACY L. WILKISON
   United States Attorney

12
        /s/                                    3/21/2022
13 _____    _____
   JULIA HU                            Date
14 Assistant United States Attorney

15 _____    3-21-22
   ERIC CATALAN                        Date
16 Defendant

17 _____    03-21-2022
   GREGORY NICOLAYSEN                  Date
18 Attorney for Defendant
   ERIC CATALAN

19

20

21          <u>CERTIFICATION OF DEFENDANT</u>

22      I have read this agreement in its entirety.  I have had enough

23 time to review and consider this agreement, and I have carefully and

24 thoroughly discussed every part of it with my attorney.  I understand

25 the terms of this agreement, and I voluntarily agree to those terms.

26 I have discussed the evidence with my attorney, and my attorney has

27 advised me of my rights, of possible pretrial motions that might be

28 filed, of possible defenses that might be asserted either before or

                              18

1  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
2  of relevant Sentencing Guidelines provisions, and of the consequences
3  of entering into this agreement.  No promises, inducements, or
4  representations of any kind have been made to me other than those
5  contained in this agreement.  No one has threatened or forced me in
6  any way to enter into this agreement.  I am satisfied with the
7  representation of my attorney in this matter, and I am pleading
8  guilty because I am guilty of the charge and wish to take advantage
9  of the promises set forth in this agreement, and not for any other
10 reason.

11 _____          3-21-22
                                             _____
12 ERIC CATALAN                               Date
   Defendant
13
14
15
16              CERTIFICATION OF DEFENDANT'S ATTORNEY
17      I am ERIC CATALAN's attorney.  I have carefully and thoroughly
18 discussed every part of this agreement with my client.  Further, I
19 have fully advised my client of his rights, of possible pretrial
20 motions that might be filed, of possible defenses that might be
21 asserted either before or at trial, of the sentencing factors set
22 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
23 provisions, and of the consequences of entering into this agreement.
24 To my knowledge: no promises, inducements, or representations of any
25 kind have been made to my client other than those contained in this
26 agreement; no one has threatened or forced my client in any way to
27 enter into this agreement; my client's decision to enter into this
28 agreement is informed and voluntary; and the factual basis set forth

                                19

1   in this agreement is sufficient to support my client's entry of a

2   guilty plea pursuant to this agreement.

3

4   GREGORY NICOLAYSEN                    03-21-2022
    Attorney for Defendant        Date

5   ERIC CATALAN